UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD LAMAR TAYLOR,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>WASHINGTON DEPARTMENT OF CORRECTIONS, STATE OF WASHINGTON,<br><br>　　　　　　Defendants. | CASE NO. 3:20-CV-5704-RAJ-DWC<br><br>ORDER TO FILE AMENDED COMPLAINT |

Plaintiff Richard Lamar Taylor, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court declines to serve the Complaint but provides Plaintiff leave to file an amended pleading by September 18, 2020, to cure the deficiencies identified herein.

**I.　　Background**

Plaintiff, who is incarcerated at Coyote Ridge Corrections Center, alleges the Washington State Department of Corrections ("DOC") and the State of Washington have acted with negligence in failing to provide adequate care during the Covid-19 pandemic. Dkt. 7. Plaintiff

ORDER TO FILE AMENDED COMPLAINT - 1

1    states he was transferred with other inmates in a vehicle that did not allow for social distancing.

2    *Id*. He also states he suffered from Covid-19 symptoms, but was not tested. *Id*.

3    **II.**    **Discussion**

4    Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

Plaintiff's Complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint.

    A.    <u>Improper Defendants</u>

Plaintiff names only the DOC and State of Washington as Defendants in this action. *See* Dkt. 7. The DOC and the State of Washington are not a proper defendants. Section 1983 applies to the actions of "persons" acting under the color of state law. "Neither states, nor entities that are arms of the state, are 'persons' for purposes of § 1983." *Johnson v. Washington*, 2019 WL 5223048, at *1 (W.D. Wash. Sept. 17, 2019), *report and recommendation adopted*, 2019 WL 5213116 (W.D. Wash. Oct. 16, 2019); *see also Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71 (1989). Additionally, there is no evidence the State of Washington has waived its Eleventh Amendment immunity in federal courts. Therefore, the State of Washington and the DOC cannot be sued under § 1983. As Plaintiff has not named a proper defendant in this action, his claims fail as a matter of law.

B. Failure to State a Claim

Furthermore, Plaintiff has failed to state a claim upon which relief can be granted. In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

In the Complaint, Plaintiff fails to state the alleged wrong-doing of any individual who is acting under color of state law. *See* Dkt. 7. Moreover, Plaintiff has not alleged Defendants were acting with deliberate indifference; rather, he alleges Defendants acted negligently. Negligence does not give rise to a claim for deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). As Plaintiff has not shown he suffered a violation of his constitutional rights that was caused by a person acting under color of state law, he has failed to state a claim upon which relief can be granted.

**III.     Instructions to Plaintiff and the Clerk**

If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement

telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for any previously filed complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before September 18, 2020, the undersigned will recommend dismissal of this action.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint. The Clerk is further directed to provide Plaintiff with copies of this Order and Pro Se Instruction Sheet.

Dated this 17th day of August, 2020.

David W. Christel
United States Magistrate Judge